UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: CONVERGENT TELEPHONE CONSUMER
PROTECTION ACT (TCPA) LITIGATION                     MDL No. 2478


TRANSFER ORDER WITH SIMULTANEOUS
SEPARATION AND REMAND


**Before the Panel:**[*]  We are presented with three motions in this docket.  First, defendant Convergent Outsourcing, Inc. (Convergent) moves under 28 U.S.C. § 1407(c) to transfer the action pending in the Western District of Washington and listed on Schedule A (*Dietz*) to the District of Connecticut for inclusion in MDL No. 2478.  Plaintiff did not respond to the motion to transfer.[1]  Second, defendant T-Mobile USA, Inc. (T-Mobile) moves under Panel Rule 7.1 to vacate our order that conditionally transferred the action pending in the Middle District of Florida and listed on Schedule A (*Adkins*) to MDL No. 2478.  Alternatively, T-Mobile requests that the Panel separate and remand the claims against it to the Middle District of Florida.  Third, plaintiff in the action pending in the District of Nevada and listed on Schedule A (*Manning*), who is proceeding *pro se*, moves under Panel Rule 7.1 to vacate our order that conditionally transferred *Manning* to MDL No. 2478.  Convergent opposes the motions to vacate.

After considering all argument of counsel, we conclude that these actions involve common questions of fact with the actions previously transferred to MDL No. 2478, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  All of these actions present similar factual and legal issues as the actions pending in MDL No. 2478.  Like those actions, plaintiffs allege that Convergent violated the federal Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, when it, or its agents, contacted them on their cellular telephones, without prior consent, using an automatic telephone dialing system or an artificial or prerecorded voice.  *See In re Convergent Tel. Consumer Prot. Act Litig.*, 981 F. Supp. 2d 1385 (J.P.M.L. 2013).  These actions, therefore, will involve similar factual inquiries and discovery with respect to Convergent's policies and procedures for placing collection calls and for obtaining and recording a consumer's consent to receive such calls.

With respect to plaintiff's opposition to transfer of *Manning*, we are sympathetic to his concerns about convenience.  But, we are not persuaded that these concerns justify excluding *Manning* from the centralized proceedings.  The Panel repeatedly has held that, while it might

---

[*] Judge Lewis A. Kaplan took no part in the decision of this matter.

[1] "Failure to respond to a motion shall be treated as that party's acquiescence to it."  Panel Rule 6.1(c).

-2-

inconvenience some parties, transfer of a particular action often is necessary to further the expeditious resolution of the litigation taken as a whole. *See, e.g.*, *In re Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.*, MDL No. 2226, 2012 WL 7764151, at *1 (J.P.M.L. Apr. 16, 2012). The transferee judge is in the best position to structure proceedings so as to minimize inconvenience to any individual party.

Likewise, we find T-Mobile's arguments against transfer of *Adkins* unconvincing. We are persuaded, though, that plaintiff's claims against T-Mobile should be separated and remanded to the Middle District of Florida under 28 U.S.C. § 1407(a). Plaintiff and T-Mobile have agreed to arbitrate their dispute, and the transferor court has stayed litigation of those claims pending arbitration. As there is no pretrial litigation remaining between these parties, transfer of these claims to MDL No. 2478 will not serve the convenience of the parties and witnesses or promote the just and efficient conduct of this litigation. Convergent does not object to separation and remand of the claims against T-Mobile.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the District of Connecticut and, with the consent of that court, assigned to the Honorable Alvin W. Thompson for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

IT IS FURTHER ORDERED that the claims against T-Mobile in the Middle District of Florida action listed on Schedule A are separated and remanded to the Middle District of Florida.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell      Charles R. Breyer
Ellen Segal Huvelle      R. David Proctor
Catherine D. Perry

IN RE: CONVERGENT TELEPHONE CONSUMER
PROTECTION ACT (TCPA) LITIGATION                                    MDL No. 2478

## SCHEDULE A

<u>Middle District of Florida</u>

ADKINS v. T-MOBILE USA, INC., ET AL., C.A. No. 8:14-02554

<u>District of Nevada</u>

MANNING v. CONVERGENT OUTSOURCING, INC., C.A. No. 2:14-01633

<u>Western District of Washington</u>

DIETZ v. CONVERGENT OUTSOURCING, INC., C.A. No. 3:14-05838

I hereby attest and certify that this is a copy of a document which was electronically filed with the United States District Court for the District of Connecticut

Date Filed: 2/5/15

Robin D. Tabora, Clerk

By: _____
Deputy Clerk
Linda S. Ferguson